CLIFTON, Circuit Judge,
concurring in the judgment:
The most recent edition of Black’s Law Dictionary, after providing a definition for the term “fiduciary,” repeats an observation made nearly 50 years ago:
“ ‘Fiduciary[1] is a vague term, and it has been pressed into service for a number of ends____ My view is that the term ‘fiduciary’ is so vague that plaintiffs have been able to claim that fiduciary obligations have been breached when in fact the particular defendant was not a fiduciary stricto sensu but simply had withheld property from the plaintiff in an unconscionable manner.” D.W.M. Waters, The Constructive Trust 4 (1964).
Black’s Law Dictionary 702 (9th ed.2009).
“Fiduciary” has not gotten any clearer in the half-century since then, and our decision here does not help. We accede to the agreement of the parties that the Supreme Court defined a breach of fiduciary duty as an essential element required for honest services mail fraud in Skilling v. United States, — U.S. -, 130 S.Ct. 2896, 2930-31, 177 L.Ed.2d 619 (2010). But we conclude that “fiduciary” here does not mean a “formal, or classic, fiduciary duty.” Majority op. at 728. Rather, we hold that a fiduciary duty as an element of mail fraud “is not limited to a formal ‘fiduciary’ relationship well-known in the law, but also extends to a trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.” Id. at 724.
I agree completely with the result reached by the majority, and I agree that Skilling did not limit honest services mail fraud to a formal fiduciary relationship.[1] But we should not muddy the meaning of “fiduciary” any further by employing it *730 here to mean something other than “fiduciary.” By doing so we further devalue the term and invite that much more confusion as to what the word means in other situations. In some contexts, after all, the term “fiduciary” is intended to mean “fiduciary,” not our variation on that concept. We should instead simply define the essential element for honest services mail fraud as the trusting relationship described in the majority opinion and leave the word “fiduciary” out of it.

. To be fair, the majority opinion adopts the term "fiduciaiy” here only because it concludes, as the parties have both urged, that the Supreme Court adopted it as an essential element of honest services mail fraud in Skilling. I understand that Skilling can be read that way, but the presence of a fiduciary relationship was not at issue in that case. Skilling, a corporate officer and employee, unquestionably had a fiduciaiy duty. His conviction was reversed because the Court concluded that the statute was properly confined to cover only bribery and kickback schemes, and his alleged misconduct entailed no bribe or kickback. I do not believe that the Court's accurate observation that "[t]he 'vast majority' of the honest-services cases involved offenders who, in violation of a fiduciary duty, participated in bribery or kickback schemes,” id. at 2930, necessarily incorporated a fiduciary duty as an essential element. If it did, then my plea is to the Court to use some term other than "fiduciary” the next time it visits the issue, unless it actually means to use the term in its "formal or classic” sense.